UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MILLIE COLES,

                                         Plaintiff,

        v.                                                    Action No. 3:10-CV-00025

LAND'S TOWING AND RECOVERY,
INC., et al.,

                                         Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment as to

Land's Towing and Recovery (Doc. No. 18) and Plaintiff's Motion for Fees and Costs (Doc.

No. 22).  Plaintiff appeared before this Court for a hearing on damages and attorney's fees on

November 24, 2010. For the reasons stated below, Plaintiff's Motions are GRANTED.

## I.    BACKGROUND

    a.   Facts

Plaintiff purchased a 2004 Pontiac Grand Prix on January 1, 2005. Centrix Financial

("Centrix") financed the vehicle, but never perfected a lien on it.  Plaintiff filed Chapter 13

bankruptcy on May 24, 2005. Plaintiff's debt to Centrix was listed on her bankruptcy petition

as an unsecured debt. Centrix did not file any adversary proceedings, motions for relief, or

objections during Plaintiff's bankruptcy proceedings. The Final Report and Account in

1

Plaintiff's Chapter 13 bankruptcy was filed April 28, 2009, and listed the Centrix debt as an

unsecured debt. The Notice of Discharge listed Centrix as a creditor. Despite this, at some

point the words "No Liens" were imprinted on the title to Plaintiff's vehicle.

Centrix assigned its interest in Plaintiff's vehicle to another party, who assigned the

interest to Systems and Services Technologies, Inc. ("SST"). SST retained Renaissance

Recovery Solutions, LLC ("Renaissance Recovery") to repossess Plaintiff's vehicle.

Renaissance Recovery subsequently retained Land's Towing and Recovery ("Land's Towing")

to carry out the repossession. On the morning the car was to be repossessed, a Land's Towing

employee named Matt called Plaintiff and told her he was coming to repossess her car.

Plaintiff told Matt he could not repossess the car because the title showed no liens. When

Matt arrived at Plaintiff's home, she showed him the title, which indicated that there were

no liens. Matt subsequently called his supervisor, who told Matt and Plaintiff that he was

going to repossess the car because he had a warrant to do so. Land's Towing did not actually

repossess the car that day, however, and has not done so since that time. Nevertheless,

Plaintiff believes that if Land's Towing finds the vehicle in her possession, they will repossess

it. She claims Land's Towing's conduct has caused her mental distress and anguish.

b. <u>Procedural Posture</u>

Plaintiff filed a Complaint against Land's Towing on January 11, 2010, alleging

violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's Complaint seeks

actual and statutory damages as well as attorney's fees and costs. Plaintiff served Sheila D. Crawley, President and Registered Agent for Land's Towing, on the same day she filed her Complaint, but received no response. Unable to locate Land's Towing through the exercise of due diligence, Plaintiff served the Secretary of the Commonwealth on March 17, 2010.  The Secretary of the Commonwealth forwarded a copy of the Summons and Complaint to Land's Towing and filed the Certificate of Compliance with this Court on March 29, 2010.  Land's Towing did not file a responsive pleading and the Clerk of the Court entered default on May 3, 2010. Plaintiff subsequently filed the Motion for Default Judgment.

## II.   LEGAL STANDARD

### a.   Default Judgment

Obtaining default judgment is a two-step process. First, the Clerk of the Court must enter default. "Entry of default is an interlocutory order – entered in anticipation of a final judgment – formally recognizing that a party 'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) (quoting Fed. R. Civ. P. 55(a)). The second step is the actual default judgment, which is "a final disposition of the case and an appealable order that has the same effect as a judgment rendered after a trial on the merits." Id. (internal citation and quotation marks omitted).

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. The Rule

provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk enters default, the Clerk or the Court may enter default judgment. The Clerk enters default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. . . ." Fed. R. Civ. P. 55(b)(1). In all other cases, the Court enters default judgment. Fed. R. Civ. P. 55(b)(2).  The Court can "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id.

Default judgment is warranted if a defendant fails to plead or otherwise defend itself. Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1002 (E.D. Va. 1985). The party requesting default judgment must show:

> (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2)."

JTH Tax, Inc. v. Smith, No. 2:06-CV-76, 2006 WL 1982762, at *1 (E.D. Va. June 23, 2006).

    b.  Attorney's Fees

In determining reasonable attorneys' fees, courts must first calculate the lodestar amount. Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). The lodestar amount is

"the product of reasonable hours times a reasonable rate." <u>Pennsylvania v. Del. Valley</u>

<u>Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986). The lodestar amount is

presumptively reasonable, but may be adjusted based on the circumstances of the case. <u>Id</u>.

The Supreme Court cautions, however, that upward adjustments "are proper only in certain

rare and exceptional cases, supported by both specific evidence on the record and detailed

findings by the . . . courts." <u>Id</u>. (internal citation and quotation marks omitted).

In determining a reasonable fee, the Fourth Circuit directs district courts to consider

the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-

19 (5th Cir. 1974), and adopted by the Fourth Circuit in <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d

216, 226 (4th Cir. 1978) and <u>Allen v. United States</u>, 606 F.2d 432, 435 (4th Cir. 1979).

<u>Pellegrin v. Nat'l Union Fire Ins.</u>, 605 F.3d 238, 244 (4th Cir. 2010). The twelve factors are:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

<u>Id</u>. (citing <u>Allen</u>, 606 F.2d at 436 n.1).

The Eastern District of Virginia requires parties requesting attorneys' fees to submit

proper documentation of the number of hours each attorney spent on the case. <u>See</u> <u>EEOC v.</u>

5

Nutri/System, Inc., 685 F. Supp. 568, 573 (E.D. Va. 1988) ("[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks. Fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity."). A court can reduce or deny the requested award if the requesting party does not submit the proper documentation. Id.

III.  **ANALYSIS**

   a.  Default Judgment

Land's Towing's period for filing a responsive pleading expired April 19, 2010, and the company has not filed a pleading or entered an appearance. The Clerk has entered default and Plaintiff has satisfied the requirements for obtaining default judgment. Plaintiff's counsel submitted an affidavit stating: (1) the Clerk entered default against Land's Towing on May 3, 2010; (2) default was entered after Land's Towing failed to respond to Plaintiff's Complaint; (3) Land's Towing is not an infant or incompetent; and (4) Land's Towing is not in the military. Plaintiff also filed a Notice of Hearing on November 1, 2010, to inform Land's Towing that a hearing on the Motion for Default Judgment would take place on November 24, 2010. Accordingly, the Court finds that default judgment is appropriate and Plaintiff's Motion for Default Judgment is granted.

Plaintiff seeks actual damages, statutory damages, and attorney's fees and costs. The FDCPA permits recovery of each. See 15 U.S.C. § 1692k(a) (providing that a debt collector

who fails to comply with the statute is liable for actual damages, statutory damages up to

$1,000, and attorney's fees and costs).  In determining the amount of statutory damages,

courts should take into consideration "the frequency and persistence of noncompliance by

the debt collector, the nature of such noncompliance, and the extent to which such

noncompliance was intentional. . . ." 15 U.S.C. § 1692k(b)(1).

Plaintiff has not presented any competent proof of actual damages. Consequently, the

Court awards no actual damages. The Court will, however, award Plaintiff $750 in statutory

damages. The Court finds that this amount is appropriate after giving due consideration to

the nature of the debt collector's noncompliance.

    b.  Attorney's Fees

Plaintiffs who prevail in FDCPA actions are entitled to "the costs of the action,

together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §

1692k(a)(3). Attorney's fees are mandatory under the FDCPA, but the amount of the award is

left to the district court's discretion. Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th

Cir. 1995). Importantly, what is reasonable depends on the facts and circumstances of the

case and "§ 1692k does not mandate a fee award in the lodestar amount." Id. at 629.

Plaintiff seeks $3,433.50 in attorney's fees for eleven hours of work and $462.50 in

costs, for a total of $3,896. Plaintiff's lawyer's hourly rate is $350 and his paralegal's hourly

rate is $105.  The lawyer spent 9.3 hours on the case, for a total of $3,255 in fees while the

paralegal spent 1.7 hours on the case, for a total of $178.50 in fees. Plaintiff's attorney maintains the fees are appropriate in light of the factors the Court must consider in determining a reasonable fee.

Plaintiff's counsel asserts that his fee is reasonable for consumer protection litigation services. Counsel states that Defendant's evading service of process and ignoring Plaintiff's settlement offers increased the fees in this case, but that the time expended was modest under the circumstances because counsel is experienced in consumer protection litigation. While Plaintiff's counsel admits the case involved no novel matters of law, he states that the ability to litigate cases of this nature is rare among Virginia attorneys, indicating that consumer protection cases require a high level of skill.

Plaintiff's counsel also states that few lawyers are willing to accept FDCPA actions, which indicates the undesirability of the cases. Plaintiff's counsel next states that he could not work on other cases while working on this case. Counsel's fee is contingent, which he asserts is normal for consumer protection cases. Counsel states that there were no unreasonable time limitations imposed on him by his client or by the circumstances. With respect to his experience, reputation, and ability, counsel states he has a statewide reputation in the consumer protection field and that Plaintiff sought his services because of his abilities and reputation. Finally, as to awards in similar cases, Plaintiff's counsel asserts that there have been few cases of this nature filed in this Court, but that his hourly rate of $350 is appropriate because of his experience. Counsel also maintains that the fee request is in accord

8

with the current market rates for legal services of this nature.

After giving due consideration to Plaintiff's arguments, the Court awards Plaintiff $3,000 in attorney's fees and $462.50 in costs. The Court finds that these amounts are reasonable in light of the circumstances of this case and the twelve <u>Johnson</u> factors.

## IV.    <u>CONCLUSION</u>

Because Plaintiff has made the requisite showing, default judgment is appropriate and Plaintiff's Motion for Default Judgment and Motion for Fees and Costs are GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

<div style="border:1px solid black; padding:1em; width:50%;">

_____/s/_____
James R. Spencer
Chief United States District Judge

</div>

ENTERED this __22nd____ day of December 2010